**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **PAMELA SHEPARD ADDLETON,** )<br>**Personal Representative of the Estate** )<br>**of ROSLYN SHEPARD,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**ALLIANZ LIFE INSURANCE** )<br>**COMPANY OF NORTH AMERICA,** )<br>)<br>    **Defendant.** )<br>) | CASE NO:_____ |

## NOTICE OF REMOVAL

Defendant Allianz Life Insurance Company of North America ("Allianz Life"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia. As grounds for this removal, Allianz Life states as follows:

## INTRODUCTION

1. Plaintiff Pamela Shepard Addleton, Personal Representative for the Estate of Roslyn Shepard ("Plaintiff"), commenced this action against Allianz Life on June 24, 2021 by filing a Complaint with the Superior Court of Gwinnett County, Georgia, pending there as Case No. 21-A-04850-6. The Superior Court of Gwinnett County is a Georgia state court within this judicial district and division.

2. Pursuant to Pursuant to 28 U.S.C. § 1446, a true and correct copy of all pleadings in Defendant's possession that have been filed in the state court pertaining to the matter as of this date, including the Summons and Complaint, are attached hereto collectively as "**Exhibit 1.**"

3. Allianz Life's registered agent was served with Plaintiff's Complaint on July 01, 2021. Ex. 1 at 14-16. This Notice is timely filed within 30 days thereafter as allowed by 28 U.S.C. § 1446(b).

4. As set forth more fully below, this case is properly removable and Allianz Life invokes this Court's jurisdiction because complete diversity exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY JURISDICTION

5. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) **Generally**. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

45990112 v3

(2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).

6. This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because the United States District Court for the Northern District of Georgia has original jurisdiction over this case under 28 U.S.C. § 1332(a), which provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between –

(1) citizens of different States . . . .

28 U.S.C. § 1332(a).

7. Plaintiff is and at all relevant times has been a Georgia resident. *See* Compl. ¶ 2.

8. Allianz Life is now, and was at the time of this action's commencement, a Minnesota corporation with its principal place of business in Minnesota. *See* "Declaration of Amy Krcil", attached to this Notice as "**Exhibit 2**"; Compl. ¶ 3. For the purposes of determining the citizenship of a corporation, such as Allianz Life, for diversity purposes, this Court must look to the citizenship of the state in which it is incorporated and where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant Allianz Life is therefore a citizen of Minnesota.

45990112 v3

9. Thus, the diversity of citizenship requirement in this case is met.

## AMOUNT IN CONTROVERSY

10. The amount in controversy in this action exceeds $75,000 exclusive of interest and costs. Removal is therefore proper. *See* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval ... is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold of $75,000).

11. Plaintiff summarizes the lawsuit at hand as "a claim for bad faith denial of long-term care insurance coverage" by Allianz Life. Compl. ¶ 1. The Complaint generally alleges that Allianz Life wrongfully denied certain claims for Roslyn Shepard's long-term care benefits by, among other things, misapplying the "elimination period" under the long-term care policy at issue. *Id.* ¶¶ 11-23. Plaintiff claims that Allianz Life owes "[u]npaid reimbursements in an amount to be proven at trial" as well as the interest rate of 18% per annum on the unpaid amounts." *Id.* ¶ 23. Plaintiff's causes of action include:

    (1) Breach of Contract (*id.* ¶¶ 26-33);

    (2) Bad-Faith Denial of Coverage (*id.* ¶¶ 34-40);

    (3) Exploitation of an Elder (*id.* ¶¶ 41-52);

    (4) Attorney's Fees Pursuant to O.C.G.A. § 33-4-6(a) (*id.* ¶¶ 53-55); and

    (5) Attorney's Fees Pursuant to O.C.G.A. § 13-6-11 (*id.* ¶¶ 56-58).

Plaintiff does not demand a specific sum in her initial pleading, but alleges having "suffered significant damages as a result of [Allianz Life's] breach of the Policy." *Id.* ¶ 31. Where, as here, "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and other types of relevant evidence." *Marla Spence v. Fam. Dollar Stores of Georgia, LLC, & John Doe*, No. 1:21-CV-1154-MLB, 2021 WL 2660145, at *2 (N.D. Ga. June 29, 2021).

12.  By letter dated March 22, 2021, Plaintiff sent a demand declaring that Plaintiff's expenditures had exceeded $75,000 and that Allianz Life remained "approximately $26,000 in arrears in paying benefits under the policy." Ex. A attached to Decl. of Amy Krcil (Exhibit 2 hereto). Based on correspondence from Plaintiff, Plaintiff seeks at a minimum $26,000 in benefits she claims are past due.

13.  Plaintiff's bad-faith claim is predicated on O.C.G.A. § 33–4–6, which "provides the exclusive [Georgia] remedy for an insured's claim of bad faith failure to pay policy proceeds." *Am. Safety Indem. Co. v. Sto Corp.*, 802 S.E.2d 448, 456 (Ga. App. 2017). Under the statute, an insurer's bad-faith refusal to pay benefits means the insurer "shall" be liable to pay the insured, in addition to the actual covered loss, the greater of either (i) 50% of the liability of the insurer or (ii) $5,000. O.C.G.A. § 33–4–6(a). Applying this statute to Plaintiff's alleged $26,000 in unpaid benefits, the Court may add an additional $13,000 (50% of $26,000) to its amount-in-controversy analysis for a total of no less than $39,000. *See Estate of Thornton*

*ex. rel. Thornton v. Unum Life Ins. Co. of Am.*, 445 F. Supp. 2d 1379, 1382 (N.D. Ga. 2006) (finding sufficient amount-in-controversy in defendant's removal petition because, "in addition to the Policy benefit, the plaintiff request[ed] a bad faith penalty of 50 percent of the Policy benefit" under O.C.G.A. § 33–4–6); *Akin v. Owners Ins. Co.*, No. 4:16-CV-0264-HLM, 2017 WL 7805605, at *3 (N.D. Ga. Apr. 28, 2017) (same).

14. Additionally, Plaintiff seeks punitive damages for Allianz Life's alleged "exploitation of an elder" *See* Compl. ¶¶ 47-52 (citing O.C.G.A. § 51-12-5.1). The Eleventh Circuit has previously stated that, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted). This Court may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). The U.S. Supreme Court has previously endorsed a "4–to–1 ratio" as an appropriate ratio between punitive damage awards and compensatory damages. *E. Prop. Dev., LLC v. Gill*, No. 4:11-CV-62 CDL, 2012 WL 6203006, at *1 (M.D. Ga. Dec. 12, 2012), *aff'd*, 558 F. App'x 882 (11th Cir. 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). Here, while Allianz Life

disputes that Plaintiff is entitled to punitive damages, it is proper for the court to consider punitive damages and an award of punitive damages at two times compensatory damages of $26,000 would exceed the court's $75,000 amount in controversy requirements.

15. Furthermore, Plaintiff seeks attorneys fees both under O.C.G.A. § 33–4–6(a), which allows plaintiffs to recover "all reasonable attorney's fees for the prosecution of the [bad-faith] action against the insurer," and under O.C.G.A. § 13-6-11, Georgia's fee-shifting provision allowing plaintiffs to recover all expenses of litigation where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. *See* Compl. ¶¶ 51-53. Again, while Allianz Life disputes that Plaintiff is entitled to recover attorney's fees, Plaintiff's pursuit of attorney's fees should factor into the amount-in-controversy analysis because "[w]here, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy." *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988) (acknowledging defendant's contention that "plaintiff's attorney's fees are known to run in the range of 25 to 40 percent of judgment amounts").

16. Allianz Life denies Plaintiff is entitled to any of the damages or relief described above or in the Complaint, but asserts that Plaintiff's Complaint and the evidence provided with this Notice satisfies the amount-in-controversy requirement

45990112 v3

needed for this Court to exercise jurisdiction over this matter.

## JURISDICTIONAL REQUIREMENTS

17. This is a civil case within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

18. Allianz Life has not previously removed this action and has therefore sought no similar relief.

19. The U.S. District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court and division embracing the place where this action is pending in state court, Superior Court of Gwinnett County, Georgia.

20. Allianz Life reserves the right to supplement this Notice by adding any jurisdictional defenses that may independently support a basis for removal.

21. Allianz Life notifies the Court that it has provided written notice to all adverse parties of this Notice's filing as required by 28 U.S.C. § 1446(d).

## ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of any of Allianz Life's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available

45990112 v3

...

under the *Federal Rules of Civil Procedure*, any state or federal statute, or otherwise.

**WHEREFORE**, Allianz Life prays that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from Superior Court of Gwinnett County, Georgia to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 30th day of July, 2021.

> Respectfully submitted,
>
> BURR & FORMAN LLP
>
> */s/ Jennifer M. Busby*
> Jennifer M. Busby
> Ga. Bar No. 098340
> 420 20th North Street, Suite 3400
> Birmingham, AL 35203
> Telephone: (205) 458-5341
> Facsimile: (205) 458-5100
> gbusby@burr.com
>
> 171 17th Street NW, Suite 100
> Atlanta, GA  30363
> Telephone: (404) 815-3000
> Facsimile: (404) 817-3244
>
> Attorney for ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail or email on this 30th day of July, 2021:

> William Brent Ney
> Ney Rhein, LLC

265 South Culver Street  
Lawrenceville, GA 30046  
william@neyrhein.com

                                      */s/ Jennifer M. Busby*  
                                      OF COUNSEL

45990112 v3