E-FILED IN OFFICE - MX
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-04850-6**
**6/24/2021 2:56 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of GWINNETT _____ County

| For Clerk Use Only | **21-A-04850-6** |
|---|---|
| Date Filed _____ <br> MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Addleton | Pamela | Shepard | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Allianz Life . | Ins. Co. of | N. Am. | | |

Plaintiff's Attorney  William Brent Ney          State Bar Number 542519     Self-Represented ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☑ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number          _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

# Exhibit 1

Copy from re:SearchGA

E-FILED IN OFFICE - MX
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-04850-6**
6/24/2021 2:56 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **PAMELA SHEPARD ADDLETON, as** | ) | |
| **Personal Representative** | ) | |
| **of the Estate of Roslyn Shepard,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO.** 21-A-04850-6 |
| **ALLIANZ LIFE INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Pamela Shepard Addleton, Personal Representative for the Estate of Roslyn Shepard, Plaintiff herein, respectfully files Complaint against Allianz Life Insurance Company of North America and shows this honorable Court the following.

## NATURE OF ACTION

1.

This is a claim for bad faith denial of long-term care insurance coverage by Defendant. Plaintiff is the Personal Representative of the Estate of Roslyn Shepard, the policy holder. Despite repeated notice regarding the beginning of long-term care for Roslyn Shepard, Defendant failed to correctly calculate the end of the elimination period, taking several months off the coverage period. Additionally, Defendant failed to pay amounts recoverable under the policy because Plaintiff allegedly failed to provide proper proof of the claim. In fact, however, Plaintiff has properly documented the amounts which should be reimbursed. In short, Defendant has failed to comply with its obligations under the policy and has caused harm to Plaintiff.

PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff is a citizen and resident of the State of Georgia.

3.

Defendant is a Minnesota-based Foreign Insurance Company.  Defendant can be served by and through its registered agent for service of process, CT Corporation System at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046.

4.

This Court has personal jurisdiction over all of the parties.

5.

This Court has jurisdiction over the subject matter of this action.

6.

Venue is proper in this Court.

FACTS

7.

Roslyn Shepard purchased an Allianz Long-Term Care Plan (the "Policy") from Defendant.

8.

The policy provides a lifetime benefit subject to a 90-day elimination period.  However, the policy provides no time limit for reporting the start of the 90-day elimination period.

9.

Roslyn Shepard was admitted for in-home care at Reflections Hospice in Cordele, Georgia on December 5, 2019, and Defendant was notified of the admission in February 2020.

U:\Assistant Work\plsw\WShan\Case HCv33A\FILE-MILGETON_ALLIANCE\FILINGS-DRAFT complaint.docx

10.

During her hospice care, Roslyn Shepard's daughter, Pamela Shepard Addleton, was given power of attorney to deal with issues including Roslyn Shepard's long-term care.

11.

According to the Policy, her December 5, 2019 admission to hospice care should have triggered the elimination period which would then have run through March 4, 2020.

12.

However, the earliest Explanation of Benefits from Defendant is dated July 16, 2020 and incorrectly indicates that Claim No. 103116935-002 covering May 26-27, 2020 fell within the elimination period.

13.

Nearly every claim for services rendered between May 26, 2020 and July 8, 2020 were denied as occurring during the elimination period (the lone exception, a $21.00 claim for Personal Care IP services rendered from June 16-19, 2020 was originally denied for falling within the elimination period (Claim No. 103300491-7) but was reconsidered and denied for not being a covered service (Claim No. 103606019-007)).

14.

Moreover, when Defendant retroactively considered claims from March 1, 2020 through April 14, 2020 in its the November 10, 2020 Explanation of Benefits, it denied these claims as falling within the elimination period.

15.

In short, Defendant has improperly expanded the elimination period by nearly three months.

16.

In addition to the issues with the elimination period, the Explanations of Benefits which Roslyn Shepard received from Defendant lists several claims which were denied for "Missing Information to Process Claim."

17.

Pursuant to the Policy:

> If [Allianz] does not pay benefits upon receipt of Written Proof of Loss, we will provide notice to you in writing, within 15 working days, to explain our reasons for not paying the claim, either in whole or in part. The letter will also provide you with a written itemization of any documents or other information needed to process the claim or any portion(s) not paid.

18.

However, Roslyn Shepard received no such letters, only the Explanations of Benefits.

19.

The Explanations of Benefits provided to Roslyn Shepard do not list the information needed to rectify the situation and are contrary to the obligations set forth in the policy.

20.

Despite Defendant's failure to provide information regarding the necessary documentation, Plaintiff has provided the documentation necessary to resolve the issues with these claims.

21.

However, Allianz has failed to timely certify the claims in a timely manner.

22.

Further, the Explanations of Benefits provided by Defendant do not appear to have been provided within the 15-day timeframe required by the Policy. For example, the October 19, 2020 Explanation of Benefits references claims from July 2020, which are well outside the 15-day limit.

23.

Unpaid reimbursements in an amount to be proven at trial are owed by Defendant to Plaintiff. Further, because Defendant has failed to pay claims within the time frame outlined in the Policy, Plaintiff is entitled to recover interest at the rate of 18% per annum on the unpaid amounts.

24.

Roslyn Shepard died on or about Saturday, February 6, 2021. Plaintiff has been named as Personal Representative of Roslyn Shepard's estate.

25.

As Personal Representative for the estate, Plaintiff is entitled to recover those amounts owing under the Policy.

CAUSES OF ACTION

COUNT ONE - BREACH OF CONTRACT (THE POLICY)

26.

All paragraphs of this Complaint are hereby incorporated by reference into this paragraph as if fully restated verbatim herein.

27.

Roslyn Shepard and Defendant were subject to a written contract, to wit, the insurance Policy whereby Defendant agreed to provide long-term insurance coverage for payment of premiums.

28.

The Policy between Roslyn Shepard and Defendant is valid, enforceable, and supported by mutual consideration. Roslyn Shepard has paid in full for the Policy.

29.

Defendant has breached the Policy by failing to cover the losses incurred as a result of Roslyn Shepard's long-term care.

30.

As Personal Representative of the Estate of Roslyn Shepard, Plaintiff is entitled to recover those funds owing under the Policy.

31.

Plaintiff has suffered significant damages as a result of Defendant's breach of the Policy.

32.

Plaintiff is entitled to judgment against Defendant for the breach of the Policy.

33.

Plaintiff is entitled to recover for the damages suffered as a result of Defendants' breach of the Policy in an amount to be determined at trial.

COUNT TWO – BAD FAITH DENIAL OF COVERAGE

34.

All paragraphs of this Complaint are hereby incorporated by reference into this paragraph as if fully restated verbatim herein.

35.

Defendant's denial of coverage has been made in bad faith.

36.

Specifically, Roslyn Shepard's admittance for long-term care was supposed to be the triggering event for the 90-day elimination period after which coverage would begin.

- 6 -

37.

However, Defendant has refused coverage pursuant to an elimination period which was extended an additional three months.

38.

Further, Defendant has failed to comply with its obligations under the Policy by failing to provide timely notice of required documents and failing to provide coverage once such documents were received.

39.

Defendant's actions constitute a bad faith denial of Roslyn Shepard's and/or Plaintiffs' claims. Further, more than 60 days have passed since Roslyn Shepard and/or Plaintiff made their initial claims.

40.

Plaintiff is entitled to recover for the bad faith denial of claims under O.C.G.A. § 33-4-6(a).

## COUNT THREE-EXPLOITATION OF AN ELDER

41.

All paragraphs of this Complaint are hereby incorporated by reference into this paragraph as if fully restated verbatim herein.

42.

Roslyn Shepard is an elder person as defined in O.C.G.A. § 16-5-100(4), because she was at all times relevant to this Complaint older than 65 years of age.

43.

Roslyn Shepard was an elder person as defined in O.C.G.A. § 30-5-3(6), because she was at all times relevant to this Complaint older than 65 years of age and not a resident of a long-term care facility.

44.

Defendant intended to obtain Roslyn Shepard's monies through deception, false representation, and false pretense by accepting premiums and the denying coverage in bad faith for its own profit.

45.

Defendant in fact obtained Roslyn Shepard's monies through deception, false representation and false pretense by accepting premiums and later denying coverage for their its profit.

46.

At the time Defendant took Roslyn Shepard's monies, it knew her age and that she was an elder person as defined in O.C.G.A. §§ 16-5-100 *et seq.* and/or 30-5-1 *et seq.*

47.

Plaintiff has suffered significant damages as a result of Defendant's exploitation of an elder person.

48.

Defendant is liable in tort for exploitation of an elder person pursuant to O.C.G.A. §§ 51-1-6, 51-1-7 and/or 51-1-8, for violations of their public and private duties established by O.C.G.A. §§ 16-5-100 *et seq.* and/or 30-5-1 *et seq.*

49.

Plaintiff is entitled to judgment against Defendant for exploitation of an elder person.

50.

Defendant's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.

51.

Georgia law authorizes an award of punitive damages to punish Defendant.

52.

Plaintiff is entitled to recover for the damages suffered as a result of Defendant's exploitation of an elder person in an amount to be determined at trial, including all punitive damages allowed by O.C.G.A. § 51-12-5.1.

COUNT FOUR -- ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 33-4-6(a).

53.

All paragraphs of this Complaint are hereby incorporated into this paragraph by reference as if fully restated verbatim herein.

54.

Defendant's denial of coverage has been in bad faith.

55.

Pursuant to O.C.G.A. § 33-4-6(a), Plaintiff is entitled to recover all reasonable attorney's fees for the prosecution of this action against Defendant.

## COUNT FIVE – ATTORNEY'S FEES PURSUNAT TO O.C.G.A. § 13-6-11

56.

All paragraphs of this Complaint are hereby incorporated into this paragraph by reference as if fully restated verbatim herein.

57.

Defendant's breach of contract was an act of bad faith, Defendant has been stubbornly litigious, and Defendant has caused Plaintiff unnecessary trouble and expense.

58.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recover her reasonable attorneys' fees and expenses of litigation from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demand a jury trial on all issues triable to a jury and further respectfully requests the following relief:

(a) That Plaintiff be awarded judgment against Defendant on all of Plaintiff's' claims;

(b) That Plaintiff recover all legally cognizable damages of every kind, however denominated, from Defendant;

(c) That Plaintiff recover the greater of 50% of Defendant's liability or $5,000.00 from Defendant as authorized by O.C.G.A. § 33-4-6;

(d) That Plaintiff recover her reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11; and

(e) That Plaintiff recover from Defendant all additional remedies and/or relief of every kind that this Court may deem just and proper.

- 10 -

Dated:  June 24, 2021                          Respectfully submitted,

                                               */s/ William Brent Ney*
                                               WILLIAM BRENT NEY
                                               Georgia Bar No. 542519
                                               Attorney for Plaintiff

Ney Rhein, LLC
265 South Culver Street
Lawrenceville, Georgia 30046
404-842-7232 (Direct)
770-637-5057 (Fax)
william@neyrhein.com

- 11 -

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Pamela Shepard Addleton

**Plaintiff**

VS.

Allianz Life Insurance Company Of North
America

**Defendant**

Civil Action
Number 21-A-04850-6

2021 JUN 24   PM 3: 46
TIANA P. GARNER, CLERK
CLERK SUPERIOR COURT
GWINNETT COUNTY GA

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon
the Plaintiff's attorney, whose name and address is:

William Brent Ney
Ney Rhein Llc
265 South Culver St
Lawrenceville Ga  30046

an answer to the complaint which is herewith served upon you, within 30 days after service
of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

This 24th day of June, 2021

Tiana P. Garner,
Clerk of Superior Court

By: _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if
addendum sheet is used.
SC-1 Rev. 2011

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 21-A-04850-6

| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed 06/25/2021

Georgia, GWINNETT COUNTY

PAMELA SHEPARD ADDLETON

Attorney's Address

WILLIAM BRENT NEY

265 S. CULVER STREET

LAWRENCEVILLE, GEORGIA 30046

_____ Plaintiff

VS.

ALLIANZ LIFE INS. CO. OF N. AM.

Name and Address of Party to Served
*ALLIANZ LIFE INS. CO. of N. AM*
C/O CT CORPORATION SYSTEM, *Registered Agent*

289 S. CULVER STREET

LAWRENCEVILLE, GORGIA 30046

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches. domiciled at the residence of
defendant.

**CORPORATION** *Allianz Life INS. Co. of N. AM* a corporation
Served the defendant _____
☐ by leaving a copy of the within action and summons with *Linda Banks R.A*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This *1* day of *July*, 20 *21*.

DEPUTY
*Sgt. P. Collin. SO 500*          *1130 A.M*

E-FILED IN OFFICE - AR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

21-A-04850-6

7/8/2021 9:16 AM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

PAMELA SHEPARD ADDLETON, as )
Executrix of the Estate of Roslyn Shepard, )
                              )
      Plaintiff,           )
                              )     CIVIL ACTION
v.                           )
                              )     FILE NO. 21-A-04850-6
ALLIANZ LIFE INSURANCE     )
COMPANY OF NORTH AMERICA,   )
                              )
      Defendant.          )

## NOTICE OF FILING SHERIFF'S ENTRY OF SERVICE

Pamela Shepard Addleton, Executrix of the Estate of Roslyn Shepard, Plaintiff herein,

respectfully files this Notice of Filing Sheriff's Entry of Service. A Sheriff's Entry of Service is

attached hereto as Exhibit 1.

Dated: July 8, 2021                    Respectfully submitted,

                                       /s/ William Brent Ney
                                     WILLIAM BRENT NEY
                                     Georgia Bar No. 542519
                                     Attorney for Plaintiff

Ney Rhein, LLC
265 South Culver Street
Lawrenceville, Georgia 30046
404-842-7232 (Direct)
770-637-5057 (Fax)
william@neyrhein.com

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 21-A-04850-6

Date Filed 06/25/2021

Attorney's Address

WILLIAM BRENT NEY

265 S. CULVER STREET

LAWRENCEVILLE, GEORGIA 30046

Name and Address of Party to Served
ALLIANZ LIFE INS. CO. OF N. AM
C/O CT CORPORATION SYSTEM, Registered Agent

289 S. CULVER STREET

LAWRENCEVILLE, GORGIA 30046

| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, GWINNETT COUNTY

PAMELA SHEPARD ADDLETON

_____ Plaintiff

VS.

ALLIANZ LIFE INS. CO. OF N. AM.

_____ Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches. domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant ALLIANZ Life INS. Co. of N. AM a corporation
by leaving a copy of the within action and summons with LINDU BANKS R.A
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant
not to be found in the jurisdiction of this Court.

This _____ day of JULY, 20___.

DEPUTY

EXHIBIT
1

Copy from re:SearchGA