IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA SHEPARD ADDLETON,<br>Personal Representative of the Estate<br>of ROSLYN SHEPARD,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE<br>COMPANY OF NORTH AMERICA,<br><br>    Defendant. | CASE NO:_____ |

### DECLARATION OF AMY KRCIL

Comes now, pursuant to 28 U.S.C. § 1746, the undersigned, Amy Krcil, and states the following:

1. I am over 18 years old, and I am a citizen and resident of Minnesota.

2. I am a Senior Operations Manager at Allianz Life Insurance Company of North America ("Allianz Life"), which issued a Tax-Qualified Long Term Care Insurance Policy (the "Policy") to decedent Roslyn Shepard. I am authorized to speak on behalf of Allianz Life.

3. I have reviewed a copy of the Complaint filed by Pamela Shepard Addleton, Personal Representative for the Estate of Roslyn Shepard ("Plaintiff"), against Allianz Life on June 24, 2021, pending in the Superior Court of Gwinnett

County, Georgia as Case No. 21-A-04850-6. I have also reviewed documents related to the administration of Plaintiff's claim for benefits under the Policy.

4. I am submitting this Declaration in support of Allianz Life's Notice of Removal.

5. Allianz Life is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State Minnesota, maintaining its principal place of business in the State of Minnesota. This information is publicly available.

6. According to the allegations in the Complaint, Plaintiff is seeking benefits under the Policy for the care the policyholder received at Reflections Hospice, a facility located in Cordele, Crisp County, Georgia.

7. As part of the claims adjudication process, a letter dated March 22, 2021, from Bobby Shepard was received claiming that Allianz Life owed approximately $26,000 in benefits under the Policy. A true and correct copy of the letter is attached hereto as Exhibit A.

8. Plaintiff's Complaint also seeks: (i) an undetermined amount of attorneys' fees; (ii) punitive damages for alleged "exploitation of an elder"; and (iii) an award for statutory "bad faith" damages exceeding Plaintiff's alleged actual damages.

9. Solely for the purposes of removal, based on the allegations in the Complaint and correspondence Allianz Life received from Plaintiff seeking alleged unpaid benefits due and owing under the Policy, Plaintiff is seeking in excess of $75,000.00 in this case.

10. Allianz Life disputes that Plaintiff is entitled to any benefits under the Policy. This Declaration is submitted solely for purposes of removal.

I, Amy Krcil, declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2021.

*DocuSigned by: Amy Krcil*
3E32A4EC1C3E46C...

Amy Krcil

From:
Bobby Shepard                                                                 March 22, 2021

To Attn:
Tiffany Gilbert, Claims Supervisor
Allianz LTCG
PO 64233
St. Paul MN 55164

Re:    Claim 50121664

    Enclosed please find the required documents to prove recent, eligible expenses in the amount of $1,710.25.

    Through February 5, 2021, Allianz LTCG remains approximately $26,000 in arrears in paying benefits under the policy. The insurance contract itself, and Allianz representatives requested only a few items to evidence expenses incurred, to wit:
- completed timesheets
- approved Independent Provider ("IP") paperwork
- visit notes
- copies of bank checks matching expenses to days of service

    Allianz LTCG Explanation of Benefits ("EOB"), however, randomly demand additional items not required by the policy or Allianz claims personnel, to wit, in no particular order:
- IP's personal addresses and copies of their driver licenses
- IP's CPR certification
- IP's training certification
- Demands that IPs include documentation of insured's Activities of Daily Living ("ADL") on their timesheets AND on their visit notes
- Demands that images of checks include IP's endorsement signature on the reverse of the check
- Denial of service hours for over-lapping IP services, for example, when two IPs are required to turn the bed-bound insured, when the two IPs are changing shifts on the new IP obtains a briefing on the current status of the insured, or when two or more IPs appear for in-service training by hospice nurse
- Multiple demands for the same items to prove eligible expenses and services
- Application of a 90-day elimination period when the policy requires only 60 days

    Allianz LTCG refuses at every turn to explain either to the insured claimant or to her power of attorney what documentation Allianz regards as insufficient to allow benefits.

    Allianz LTCG's practices in regard to this claim demonstrate bad faith and a breach of the covenant of fair dealing. We have faithfully paid premiums for years for these benefits and during our time of need you remain approximately $26,000 in arrears in paying the benefits for which we contracted and paid.

    I request that Allianz settle not later than April 30, 2021, all of our outstanding disputes and unpaid benefits. Our total expenditure has exceeded $75,000 and you have not paid as promised under our contract.

Dictated to Pam Addleton by Bobby Sheppard, insured claimant's widower;
cc w encl. to William Ney

USPS TRACKING # & CUSTOMER RECEIPT    9114 9999 4423 8454 5829 72
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

**Exhibit A**