# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PAMELA SHEPARD ADDLETON, Personal Representative of the Estate of ROSLYN SHEPARD, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | CASE NO: 1:21-cv-03087-TWT |

## ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Allianz Life Insurance Company of North America ("Allianz Life") responds as follows to the Complaint of Plaintiff Pamela Shepard Addleton, Personal Representative of the Estate of Roslyn Shepard:

## NATURE OF ACTION

1. Paragraph 1 purports to summarize Plaintiff's causes of action and contains conclusory legal statements to which no response is required. To the extent a response is required at this time, Allianz Life denies the allegations in Paragraph 1 and demands strict proof thereof.

## PARTIES, JURISDICTION, AND VENUE

2. Upon information and belief, Allianz Life admits the allegation at Paragraph 2.

3. Allianz Life admits the allegations at Paragraph 3.

4. Allianz Life admits that the U.S. District Court for the Northern District of Georgia has jurisdiction over each party to this action. Allianz Life denies any other allegation at Paragraph 4.

5. Allianz Life admits that the U.S. District Court for the Northern District of Georgia has subject-matter jurisdiction over each party to this action. Allianz Life denies any other allegation at Paragraph 5.

6. Allianz Life admits that venue is proper in the U.S. District Court for the Northern District of Georgia (Atlanta Division) with respect to this action. Allianz Life denies any other allegation at Paragraph 6.

## FACTS

7. Allianz Life admits that it issued a Tax-Qualified Long Term Care Insurance Policy, policy number 50121664, to Roslyn Shepard and Bobby Shepard (the "Policy"). Allianz Life denies all remaining allegations at Paragraph 7.

8. Allianz Life states that the terms and conditions of the Policy speak for themselves. Allianz admits that the Policy contains a 90-day elimination period and denies all remaining allegations of Paragraph 8.

9. Based on documentation received, Allianz Life admits that Roslyn Shepard began receiving care from Reflections Hospice, a hospice agency, on December 05, 2019. Allianz Life denies all remaining allegations in Paragraph 9.

10. Allianz Life admits that it was provided a Statutory Form Power of Attorney of Roslyn Shepard, which speaks for itself. Allianz Life denies all remaining allegations at Paragraph 10.

11. Allianz Life admits that the last day of the 90-day Elimination Period under the Policy was March 3, 2020, and denies all remaining allegations in Paragraph 11.

12. Allianz Life states that the Explanations of Benefits speak for themselves and denies all remaining allegations in Paragraph 12.

13. Allianz Life states that the Explanations of Benefits speak for themselves and denies all remaining allegations in Paragraph 13.

14. Allianz Life denies the allegations in Paragraph 14.

15. Allianz Life denies the allegations in Paragraph 15.

16. Allianz Life states that, while Plaintiff does not identify any specific Explanation of Benefits, the Explanations of Benefits speak for themselves. Allianz Life denies all remaining allegations in Paragraph 16.

17. Allianz Life states that the terms and conditions of the Policy speak for themselves and denies the allegations in Paragraph 17.

18. Allianz Life denies the allegations in Paragraph 18.

19. Allianz Life denies the allegations in Paragraph 19.

20. Allianz Life denies the allegations in Paragraph 20.

21. Allianz Life denies the allegations in Paragraph 21.

22. Allianz Life denies the allegations in Paragraph 22.

23. Allianz Life denies the allegations in Paragraph 23.

24. Allianz Life states it lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24 and therefore denies the same.

25. Allianz Life denies the allegations in Paragraph 25.

## CAUSES OF ACTION
## COUNT ONE – BREACH OF CONTRACT (THE POLICY)

26. Allianz Life adopts and incorporates its responses to the paragraphs above as though they were fully set forth herein.

27. Allianz Life admits that the Policy was issued to Roslyn Shepard and states that the terms and conditions of the Policy speak for themselves. Allianz Life denies all remaining allegations in Paragraph 27.

28. The allegations at Paragraph 28 state a legal conclusion to which no response is required. To the extent a response is required at this time, Allianz Life admits that Rosyln Shepard paid the premiums for the Policy and denies all remaining allegations in Paragraph 28.

29. Allianz Life denies the allegations in Paragraph 29.

30. Allianz Life denies the allegations in Paragraph 30.

31. Allianz Life denies the allegations in Paragraph 31.

32. Allianz Life denies the allegations in Paragraph 32.

33. Allianz Life denies the allegations in Paragraph 33.

## COUNT TWO – BAD FAITH DENIAL OF COVERAGE

34. Allianz Life adopts and incorporates its responses to the paragraphs above as though they were fully set forth herein.

35. Allianz Life denies the allegations in Paragraph 35.

36. Allianz Life denies the allegations in Paragraph 36.

37. Allianz Life denies the allegations in Paragraph 37.

38. Allianz Life denies the allegations in Paragraph 38.

39. Allianz Life denies the allegations in Paragraph 39.

40. Allianz Life denies the allegations in Paragraph 40.

## COUNT THREE-EXPLOITATION OF AN ELDER

41. Allianz Life adopts and incorporates its responses to the paragraphs above as though they were fully set forth herein.

42. The allegations at Paragraph 42 state a legal conclusion to which no response is required. To the extent a response is required at this time, Allianz Life states that Roslyn Shepard was older than 65 years old when she initiated a claim for benefits, and denies all remaining allegations in Paragraph 42.

43. The allegations at Paragraph 43 state a legal conclusion to which no response is required. To the extent a response is required at this time, Allianz Life

states that Roslyn Shepard was older than 65 years old when she initiated a claim for benefits, and denies all remaining allegations in Paragraph 43.

44. Allianz Life denies the allegations in Paragraph 44.

45. Allianz Life denies the allegations in Paragraph 45.

46. Allianz Life denies the allegations in Paragraph 46.

47. Allianz Life denies the allegations in Paragraph 47.

48. Allianz Life denies the allegations in Paragraph 48.

49. Allianz Life denies the allegations in Paragraph 49.

50. Allianz Life denies the allegations in Paragraph 50.

51. Allianz Life denies the allegations in Paragraph 51.

52. Allianz Life denies the allegations in Paragraph 52.

## COUNT FOUR – ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 33-4-6(a)

53. Allianz Life adopts and incorporates its responses to the paragraphs above as though they were fully set forth herein.

54. Allianz Life denies the allegations in Paragraph 54.

55. Allianz Life denies the allegations in Paragraph 55.

## COUNT FIVE – ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11

56. Allianz Life adopts and incorporates its responses to the paragraphs above as though they were fully set forth herein.

57. Allianz Life denies the allegations in Paragraph 57.

58. Allianz Life denies the allegations in Paragraph 58.

Answering the un-numbered "Prayer for Relief" assertions following Paragraph 58 of the Complaint, Allianz Life denies any liability for the damages asserted and denies that Plaintiff is entitled to any such relief or damages.

## **AFFIRMATIVE DEFENSES**

Allianz Life asserts the following affirmative and general defenses to Plaintiff's Complaint, without assuming the burden of proving any such defenses unless required to by law. Discovery and investigation may reveal additional defenses or information that would warrant amending its Answer to lodge additional defenses, and Allianz Life reserves its right to make such amendments.

## **FIRST DEFENSE**

The Complaint fails to state a claim against Allianz Life upon which relief can be granted.

## **SECOND DEFENSE**

Plaintiff's breach of contract claim fails as a matter of law because Plaintiff and/or Ms. Shepard failed to satisfy one or more conditions precedent under the Policy.

## THIRD DEFENSE

The terms, conditions, limitations and definitions of the Policy speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation. Allianz Life asserts that Plaintiff's claims are subject to the terms, conditions, limitations, and exclusions of the Policy and that the conditions precedent have not been satisfied.

## FOURTH DEFENSE

Allianz Life's adjudication of Plaintiff's claim was in full compliance with all applicable laws, regulations, and insurance requirements.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule and/or the doctrines of integration and merger.

## SIXTH DEFENSE

Allianz Life asserts the doctrine of waiver and estoppel.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff and/or decedent failed to mitigate, minimize, or avoid the alleged damages.

## EIGHTH DEFENSE

Allianz Life denies that it breached the Policy.

## NINTH DEFENSE

Plaintiff's alleged damages for bad faith, if any, are limited to those provided in O.C.G.A. § 33-4-6.

## TENTH DEFENSE

Allianz Life denies making any misrepresentations to Plaintiff and/or that any reliance by Plaintiff on any alleged representation was not reasonable.

## ELEVENTH DEFENSE

Allianz Life pleads the defense of setoff.

## TWELFTH DEFENSE

Allianz Life pleads the defense of payment.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by accord and satisfaction.

## FOURTEENTH DEFENSE

Plaintiff and/or other representatives of Roslyn Shepard failed to perform relevant duties, obligations and conditions precedent to coverage.

## FIFTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrine of laches.

## SIXTEENTH DEFENSE

Allianz Life did not unreasonably delay making a determination on Plaintiff's claims for benefits nor did Allianz Life unreasonably deny such claims. Allianz Life timely reviewed and adjudicated all claims once they were perfected and all necessary information and documentation had been received.

## SEVENTEENTH DEFENSE

Plaintiff's claims for attorneys' fees pursuant to O.C.G.A. § 13-6-11 fail because O.C.G.A. § 33-4-6 provides the exclusive remedy for an insurer's bad-faith refusal to pay insurance proceeds.

## EIGHTEENTH DEFENSE

Roslyn Shepard's relationship with Allianz Life was purely contractual in nature and did not entail any special or "private" duties. Plaintiff's claims are barred to the extent they are predicated on O.C.G.A. §§ 51-1-6 to 51-1-8.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in light of Roslyn Shepard's death to the extent the claims are not allowed under Georgia's Survival Statute, O.C.G.A. § 9-2-41.

## TWENTIETH DEFENSE

Plaintiff's claims may be barred to the extent they are based on O.C.G.A. § 16-5-100, *et seq.*, O.C.G.A. §30-5-1, *et seq.*, which are penal in nature rather than remedial.

## TWENTY-FIRST DEFENSE

Plaintiff's claims may be barred by duties, obligations, and requirements on the part of the Plaintiff/Ms. Shepard to provide Allianz Life with requested information and documents; and the duty of Plaintiff/Ms. Shepard to cooperate with Allianz Life regarding their claims, including the timely provision of necessary information and documents.

## TWENTY-SECOND DEFENSE

Plaintiff's claims fail as a matter of law because Allianz Life appropriately accounted for the Elimination Period once it received all necessary and correct documentation.

## TWENTY-THIRD DEFENSE

Plaintiff's claims fail as a matter of law because Allianz Life correctly adjudicated Ms. Shepard's claims once all necessary and correct documentation was received.

## TWENTY-FOURTH DEFENSE

Allianz Life owed Ms. Shepard no independent duty outside the Policy.

## TWENTY-FIFTH DEFENSE

Allianz Life had no special relationship with Ms. Shepard.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims may be barred by the equitable doctrine of unclean hands.

## TWENTY-SEVENTH DEFENSE

Allianz Life has at all times acted reasonably and in good faith. Allianz Life acted in good faith in investigating and adjudicating Plaintiff's claims pursuant to the terms of the Policy at issue. Allianz Life did not at any relevant time commit an act towards Plaintiff with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Allianz Life is therefore not liable for either bad-faith or punitive damages under Georgia law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Allianz Life denies that it is guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## THIRTIETH AFFIRMATIVE DEFENSE

Allianz Life asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Georgia.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Punitive damages cannot be upheld to the extent they violate or contravene the holding and progeny of the United States Supreme Court in the cases of *BMW v.*

*Gore*, 517 U.S. 559 (1996) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks exemplary damages against Allianz Life, the damages cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Georgia General Assembly limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages against Allianz Life, an award of punitive damages would be barred because it would constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, §9 of the United States Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks exemplary damages against Allianz Life, an award of exemplary damages would be barred to the extent that Plaintiff seeks the admission into evidence of Allianz Life's net worth in determining whether exemplary damages are to be awarded and/or in what amount they are to be awarded because exemplary damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of

treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the provisions of the Georgia Constitution.

## **DEFENSES RESERVED**

Allianz Life hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves its rights to amend this Answer to Plaintiff's Complaint and to assert any such defense.

WHEREFORE, PREMISES CONSIDERED, Allianz Life denies that Plaintiff is entitled to the relief requested in the Complaint and requests that the Complaint be dismissed with prejudice, with costs taxed to Plaintiff.

Respectfully submitted this 5th day of August, 2021.

                                              Respectfully submitted,
                                              BURR & FORMAN LLP

                                              */s/ Jennifer M. Busby*
                                              Jennifer M. Busby
                                              Ga. Bar No. 098340
                                              420 20th North Street, Suite 3400
                                              Birmingham, AL 35203
                                              Telephone: (205) 458-5341
                                              gbusby@burr.com

Walker M. Beauchamp
Ga. Bar No. 165363
420 20th North Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 458-5126
wbeauchamp@burr.com

171 17th Street NW, Suite 100
Atlanta, GA  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244
Attorneys for ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail or email on this 5th day of August, 2021:

William Brent Ney
Ney Rhein, LLC
265 South Culver Street
Lawrenceville, GA 30046
william@neyrhein.com

*/s/ Jennifer M. Busby*
OF COUNSEL