IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA SHEPARD ADDLETON, )<br>Personal Representative of the Estate )<br>of ROSLYN SHEPARD, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ALLIANZ LIFE INSURANCE )<br>COMPANY OF NORTH AMERICA, )<br> )<br>    Defendant. )<br> ) | CASE NO: 1:21-cv-03087-TWT |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW Plaintiff Pamela Shepard Addleton, Personal Representative of the Estate of Roslyn Shepard ("Plaintiff") and Defendant Allianz Life Insurance Company of North America ("Allianz Life"), and pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure* and Local Rule 16.2, the Parties jointly propose to the Court the following discovery plan:

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**Response:** This lawsuit involves a claim for payment of benefits under a long term care insurance policy. Plaintiff has asserted claims for breach of contract, bad

faith denial of coverage, exploitation of an elder, attorney's fees pursuant to O.C.G.A § 33-4-6(a), and attorney's fees pursuant to O.C.G.A. § 13-6-11.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Response:** In 2006, Defendant Allianz Life issued a Tax-Qualified Long Term Care Insurance Policy (No. 50121664; the "Policy") to Roslyn Shepard and Bobby Shepard. Roslyn Shepard, now deceased, sought long-term care benefits under the Policy for in-home care she received from Reflections Hospice beginning on December 05, 2019. In order to be eligible for payment of benefits, Ms. Shephard had to first satisfy the 90-day Elimination Period under the Policy. Plaintiff contends that Allianz Life has not paid all claims due under the Policy because (1) Allianz Life did not properly calculate the Elimination Period, and (2) Allianz Life denied some of Ms. Shepard's claims.

Allianz Life disagrees with Plaintiff's contentions. Allianz Life contends that the required proof of loss was not submitted for some claims so those claims were properly denied, and that Plaintiff submitted duplicative claims. In regards to the Elimination Period, Allianz Life's position is that the 90-day Elimination Period was correctly calculated and that the 90-day Elimination Period was satisfied on March 3, 2020.

(c) The legal issues to be tried are as follows:

**Response:** The legal issues of this case include: (1) whether Allianz Life breached the Policy in adjudicating Ms. Shepard's claims for benefits; (2) whether Allianz Life's denial of the claims was made in bad faith under Georgia law; and (3) whether Plaintiff is entitled to punitive damages and attorney's fees under Georgia law.

    (d)    The cases listed below (include both style and action number) are:

        (1)    Pending Related Cases:

**Response:** None.

        (2)    Previously Adjudicated Related Cases:

**Response:** None.

**2.** This case is complex because it possesses one or more of the features listed below (please check):

    ____ (1)    Unusually large number of parties
    ____ (2)    Unusually large number of claims or defenses
    ____ (3)    Factual issues are exceptionally complex
    ____ (4)    Greater than normal volume of evidence
    ____ (5)    Extended discovery period is needed
    ____ (6)    Problems locating or preserving evidence
    ____ (7)    Pending parallel investigations or action by government
    _____(8)    Multiple use of experts
    ____ (9)    Need for discovery outside United States boundaries
    ____ (10)    Existence of highly technical issues and proof
    ____ (11)    Unusually complex discovery of electronically stored information

**Response:** Not Applicable. The Parties agree that the case is not complex.

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**:

William Brent Ney
Ney Rhein, LLC
265 South Culver Street
Lawrenceville, GA 30046
william@neyrhein.com

**Defendant**:

Jennifer M. Busby
420 20th North Street, Suite 3400
Birmingham, AL 35203
Telephone: (205)251-3000
gbusby@burr.com

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

Yes_____    No___X___

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**Response:** None.

(b) The following persons are improperly joined as parties:

**Response:** None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Response:** None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Response:** The Parties do not anticipate any amendments to the pleadings at

this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Response**: The Parties do not object to serving initial disclosures.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Response**: Not at this time. However, the Parties reserve the right to request a conference addressing scheduling and discovery matters at a later date if reasonably necessary.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Response**: Discovery concerning the following subjects may be needed: (i) the nature of care decedent Roslyn Shepard received at relevant times, including without limitation the identity/qualifications of her caregivers, and the dates and time periods of care rendered to her; (ii) the proof of loss documentation concerning Ms. Shepard's claims for benefits and Allianz Life's review and adjudication of the proof of loss documentation; and (iii) other evidence or facts relating to whether certain claims for Policy benefits submitted on Roslyn Shepard's behalf were covered.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Response**: The parties agree that four months of discovery should be sufficient.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response**: The Parties do not anticipate that either party has electronically stored information and the Parties have agreed to produce all documents in pdf format.

(b) Is any party seeking discovery of electronically stored information?

Yes_____    No__X__

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Response**: Not applicable

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Response**: The parties agree that to the extent either party has any emails, those emails can be produced in pdf format.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response**: The Parties request that the Court enter an Order setting for the deadline for each party to disclose any expert(s) pursuant to Rule 26(b). The Parties propose that Plaintiff be required to disclose of any experts sixty (60) days before the discovery deadline and that Defendant be required to disclose any experts thirty (30) days before the discovery deadline.

The Parties do not anticipate moving for any other orders under Rule 26(c) or Rule 16(b) or (c) at this time, but each reserves the right to move for protective orders or other orders concerning discovery or scheduling should the need arise.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 24, 2021, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):

*s/ William Brent Ney*

Other participants:    N/A


For Defendant: Lead counsel (signature):

*s/ Jennifer M. Busby*

Other participants:    N/A


(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X  ) A possibility of settlement before discovery.
(    ) A possibility of settlement after discovery.
(    ) A possibility of settlement, but a conference with the judge is needed.
(    ) No possibility of settlement.

(c) Counsel (X ) do or (    ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is October 1, 2021.

(d) The following specific problems have created a hindrance to settlement of this case.

**Response**: None

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_\_ day of _____, 20\_\_\_.

(b) The parties (\_\_X\_\_) do not consent to having this case tried before a magistrate judge of this Court.

| */s William Brent* | */s Jennifer M. Busby* |
|---|---|
| Counsel for Plaintiff | Counsel for Defendant |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this \_\_\_\_\_ day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE